UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY G. RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| BLATT, HASENMILLER, LEIBSKER & ) | |
| MOORE, LLC ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Anthony Rodriguez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for the Defendant's violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here, b) Defendant transacts substantial business in this District; and c) Defendant maintains a registered agent here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, as outlined in more detail below, Plaintiff suffered a concrete injury as a result of both Defendant's failure to provide verification documents to the Plaintiff and for

making direct contact with Plaintiff when it knew he was represented by counsel in connection with attempt to collect an alleged debt from Plaintiff.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Anthony G. Rodriguez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for an alleged debt to Capital One Bank USA, N.A. ("Cap1"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7. Defendant, Blatt, Hasenmiller Leibsker & Moore, LLC, (hereinafter "Defendant" or "BHLM") is an Illinois Domestic Limited Liability Company with its principal place of business at 10 S. LaSalle Street, Suite 2200, Chicago, IL 60603-1069. Its registered agent is Kenneth R. Wake, who can be found at 10 S LaSalle Street, Suite 2200, Chicago, IL 60603. It is currently in good standing with the Illinois Secretary of State. (Exhibit A, Record from Illinois Secretary of State).

8. Blatt is a law firm that is engaged in the business of the collection of debt within the State of Illinois, using the mail system in business and telephone to collect consumer debts originally owed to others.

9. Blatt regularly collects or attempts to collect defaulted consumer debts, in certain instances, filing civil actions on behalf of its clients in order collect defaulted consumer debts, and is thus, a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Upon information and belief, Defendant was hired by Cap1 to collect the Debt from Plaintiff.

11. At all relevant times hereto, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred a debt for personal, family, or household purposes and not for business purposes, originally to Capital One Bank USA, N.A. ("Cap1") ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

13. Due to overwhelming consumer debt, Plaintiff was unable to pay the alleged debt, and it went into default.

14. BHLM was later retained or hired by Cap1 to attempt to collect the alleged debt from Plaintiff.

15. On or about December 2, 2015, due to drastically increasing bills and a deteriorating financial situation, Plaintiff hired undersigned counsel, Robert J. Tomei Jr., to represent him in the filing of a Voluntary Petition for Chapter 7 Bankruptcy in the US Bankruptcy Court for the Northern District of Illinois.

16. In a letter dated August 24, 2016, Defendant BHLM sent a letter to counsel for the Plaintiff, requesting confirmation of representation concerning the alleged debt. (Exhibit B, August 24, 2016 Collection Letter).

17. On or about September 1, 2016, counsel for the Plaintiff delivered to Defendant via facsimile transmission, a letter of representation citing the Defendant BHLM's specific account reference number, confirming that Plaintiff had retained counsel for representation in connection with a voluntary Chapter 7 bankruptcy proceeding, which had yet to be filed. (Exhibit C, September 1, 2016 Letter of Representation).

18. In the September 1, 2016 letter, counsel for the Plaintiff requested that Defendant "cease any and all debt collection efforts against [Plaintiff]," to "forward all future correspondence concerning the captioned debtors [sic] to [counsel]," and furthermore requested Defendant to provide validation of the alleged debt obligation pursuant to §1692(g) of the Fair Debt Collection Practices Act.

19. Thereafter, on or about October 10, 2016, Defendant sent a letter to the Plaintiff directly at his residence demanding payment on the alleged debt. (Exhibit D, October 10, 2016 collection letter).

20. The letter contained a file number, the name of the alleged creditor, the balance allegedly due, a request for payment, and the statement that the letter was an attempt to collect a debt.

21. Thus, the letter was a communication as that term is defined at §1692a(2) of the FDCPA.

22. Defendant, thereafter, on or about December 29, 2016, initiated a small claims action in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois, Case No. 16SC5545.

23. 15 U.S.C. § 1692g of the FDCPA, provides as follows:

**Validation of Debts**

**. . .**

**(b) Disputed Debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector . . .**

24. By sending Plaintiff a collection letter demanding payment for a debt after Defendant had received a letter from Plaintiff's attorney requesting validation of the underlying debt obligation pursuant to 15 U.S.C. §1692g, and subsequently initiating suit, Defendant continued collection of the alleged debt without providing debt verification in violation of 15 U.S.C. §1692g(b).

25. 15 U.S.C. § 1692c(a)(2) of the FDCPA, provides as follows:

**If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…**

26. Defendant BHLM violated §1692c(a)(2) when it contacted Plaintiff directly in an attempt to collect a debt, even though it knew or could have readily ascertained that he was represented by an attorney, as it had previously been notified of the representation from its client, and received a letter confirming representation directly from Plaintiff's attorney.

27. Plaintiff had been assured by his attorney that his debt collectors would cease communicating with him directly when they were notified he had retained counsel, and Plaintiff was hopeful that he would be able to avoid the frequent and persisting collection letters from debt collectors once notification of representation was transmitted.

28. Plaintiff suffered emotional distress, annoyance, aggravation, stress and inconvenience due to Defendant's collection attempt on him after it had received notification of attorney representation from Plaintiffs' counsel.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges above paragraphs as if set forth fully in this count

31. By sending Plaintiff a collection letter demanding payment for a debt after Defendant had received a letter from Plaintiff's attorney requesting validation of the underlying debt obligation pursuant to 15 U.S.C. §1692g, and subsequently initiating suit, Defendant continued collection of the alleged debt without providing debt verification in violation of 15 U.S.C. §1692g(b).

32. Defendant BHLM violated §1692c(a)(2) when it contacted Plaintiff, in an attempt to collect a debt, even though it knew or could have readily ascertained that he was represented by an attorney, as it had previously been notified of the representation from its client, and received a letter confirming representation directly from Plaintiff's attorney.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By:   s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
TOMEI LAW
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
Robert@TomeiLawFirm.com

## DOCUMENT PRESERVATION DEMAND

    Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:   s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:   s/ *Robert J. Tomei Jr.*

One of Plaintiff's Attorneys